HOEFNER (BENNETT v.). See Case No. 1,-320.

HOELLER (HOELTGE v.). See Case No. 6,-574.

=====

## Case No. 6,574.

### HOELTGE v. HOELLER et al.

[2 Bond, 386.] [1]

Circuit Court, S. D. Ohio. Oct. Term, 1870.

PATENTS—IMPEACHMENT COLLATERALLY—DECISION OF COURT ON PENDING APPLICATION.

1. A court will not exercise jurisdiction, by granting an injunction or otherwise upon the allegation in a bill in equity, that the defendant has surreptitiously procured a patent right for an improvement of which the complainant avers he was the first and original inventor, and for which he had made his application for a patent right, which, at time of filing. his bill, had not been passed upon by the commissioner of patents.

2. The defendants having a patent, all the presumptions of law are in favor of its validity, and its validity can not be collaterally ·impeached.

3. The complainant, by his own showing, has only an inchoate right to a patent for the invention in question; and, in this proceeding, the court can not anticipate the decision of the commissioner of patents upon his application, or decide, in this indirect way, on the validity of the patent of the defendants.

4. If the complainant succeeds in obtaining a patent, he will be in a position to contest the validity of the defendants' patent by a suit against them for an infringement.

[This was a bill in equity by Frederick Hoeltge against C. and H. S. Hoeller.]

John W. Okey and S. A. Miller, for complainant.

Oliver & Moore, for defendants.

OPINION OF THE COURT. This is a demurrer to the bill of the complainant, on the ground that this court has no jurisdiction. The bill, in substance, avers that the complainant is the inventor of a valuable improvement in making elbows for stove-pipes and other similar uses; and that the defendants, having obtained a knowledge of the invention, and of the machinery by which it is made practical, applied for and fraudulently obtained from the patent office a patent therefor, and are now using it for their own profit. The bill also alleges, that the complainant filed an application for a patent for his invention, which is still pending before the commissioner of patents. The prayer of the bill is, that the defendants may be enjoined from selling or disposing of their patent, or any interest in it; and that, if the complainant is successful in obtaining his patent, the patent to the defendants may be declared to be fraudulent and void.

It is clear, that on the case made in the bill, the court has no jurisdiction to make the decree prayed for, or grant relief to the complainant. I will state, very briefly, the reasons for this conclusion. The bill alleges that there is an application by the complainant, for a patent for the invention which has been patented by the defendants, now pending, and without any action thereon, in the patent office. The complainant, in effect, prays the court, in advance of the decision of the commissioner of patents on his application, to decree that he is the first and original inventor of the improvement patented to the defendants, and to decide that their patent was surreptitiously obtained and is a nullity.

There are two insuperable objections to the exercise of the jurisdiction of this court, as invoked by the complainant:

First. By his showing, in his bill, his application for a patent is still pending in the patent office, the result of which is not known and may be regarded as uncertain. The action of the commissioner will depend on the question, who was the first and original inventor of the improvement. As the case is now presented to the court, the defendants, having duly and legally procured a patent from the proper authorities, must. be presumed to be the first and original inventors. The court is now asked to repel that legal presumption, by decreeing that the patent to the defendants is a nullity, and that the complainant is entitled to a patent. This the court has no power to do. It would involve the exercise of an authority vested exclusively by law in another department of the government, and would be an act of usurpation by this court. It is made, by law, the official duty of the commissioner of patents to pass upon all applications for patents, and a court can not anticipate his action by taking jurisdiction of the question, whether a pending application for a patent will or will not be granted.

Secondly. To grant the prayer of this bill would be to prejudge the defendants' patent, and thus collaterally to decide that it is fraudulent and void. The law is well settled that a patent can not be impeached and set aside in this way. If the complainant succeeds in his application for a patent, he will be in a position to contest the validity of the defendants' patent by a suit for an infringement in the use of their improvement. This will present, in a legal and orderly manner, the questions who were, in fact, the first and original inventors of the improvements and whether the defendants' patent is void on the ground of fraud.

In the present aspect of the case the complainants have but an inchoate right, even conceding that they were the true inventors of the improvement, and are not in a position to ask for the interposition of the court, by injunction or otherwise, as against these defendants, whose exclusive right in law, under their patent, can only be drawn in question by a direct proceeding for that purpose. It would be strange, indeed, if this

---

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

court should interpose, as sought for by the complainant, upon the contingency of his procuring the patent for which he has applied. If the injunction prayed for should be allowed, and the complainant should fail in his application for a patent, this court would be placed in the position of entertaining jurisdiction and granting relief in a case in which the complainant had not the shadow of either legal or equitable right.

The demurrer is sustained and the bill dismissed.